UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO A. CONTRERAS, | Case No.: 1:19-cv-01785-JLT (HC) |
| Petitioner, | ORDER DISMISSING FIRST AMENDED PETITION AND DIRECTING PETITIONER TO FILE A SECOND AMENDED PETITION |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | [THIRTY-DAY DEADLINE] |
| Respondent. | |

Petitioner filed a federal habeas petition in this Court on December 23, 2019. (Doc. 1.) After conducting a preliminary screening, the Court found the petition failed to name the proper respondent. (Doc. 6.) The Court dismissed the petition with leave to file an amended petition. (Id. at 3.) Petitioner filed a first amended petition on February 14, 2020. (Doc. 7.) A review of the amended petition reveals that the petition fails to state a cognizable federal claim for relief. Therefore, the Court will dismiss the amended petition and direct Petitioner to file a second amended petition.

**I.    DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory

1

Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B. <u>Failure to State a Cognizable Federal Claim</u>

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). <u>See also</u> Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Petitioner has failed to comply with Rule 2(c) by failing to state how the adjudication of his claims in state court resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court authority. Therefore, Petitioner fails to state a cognizable federal habeas claim and the petition must be dismissed. Petitioner will be granted an opportunity to file a second amended petition to cure this deficiency. Petitioner is advised that he should entitle his

pleading, "Second Amended Petition," and he should reference the instant case number.

**II.	ORDER**

Accordingly, the Court ORDERS:

1) The first amended petition is DISMISSED; and

2) Petitioner is GRANTED thirty days from the date of service of this order to file a second amended petition that complies with this Order.

**Petitioner is forewarned that his failure to comply with this Order will result in a recommendation that the petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:	**February 27, 2020**			**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE