UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO A. CONTRERAS,<br><br>Petitioner,<br><br>v.<br><br>J. W. SULLIVAN, Warden,<br><br>Respondent. | No. 1:19-cv-01785-NONE-JLT (HC)<br><br>ORDER DENYING PETITIONER'S MOTIONS TO AMEND AND MOTION TO STAY<br><br>(Docs. 23, 25, 32) |

Petitioner moves to amend and stay proceedings due to alleged newly discovered evidence. The Court agrees with Respondent that the petition is untimely, and the Court finds that a stay and amendment would be futile. Thurs, the motions are DENIED.

**BACKGROUND**

On July 28, 2020, the Court issued findings and recommendations to deny the petition for writ of habeas corpus. (Doc. 18.) On November 4, 2020, Petitioner filed a motion to amend the petition and a lodged third amended petition (Docs. 23, 24) and a motion for stay (Doc. 25). Respondent filed an opposition to Petitioner's motion to amend and motion to stay on November 17, 2020. (Doc. 28.) Petitioner again filed a motion to amend and lodged petition on November 23, 2020. (Docs. 32, 33.)

Petitioner's proposed third amended petition contains four claims: (1) sufficiency of the evidence, (2) admission of evidence, (3) unlawful sentencing, and (4) ineffective assistance of

1

trial counsel. (Docs. 24, 26.)[1] Claims one and two of the third amended petition appear identical to the claims in the second amended petition. Claims three and four appear to be new to the proposed third amended petition.

## DISCUSSION

I.     Motion to Amend

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a). At the time Petitioner filed his motion, the petition had already been briefed, and indeed, findings and recommendations to deny all claims on the merits were pending before this Court for review. Therefore, pursuant to Rule 15(a), any amendment would only be permitted at the discretion of the Court.

In deciding whether to allow an amendment, the Court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin, 59 F.3d at 844-45 (applying Rule 15(a) in a habeas case). In this case, amending the petition now to add new claims would prejudice Respondent. The original petition was already briefed, and the findings and recommendations has already been issued. Additionally, the new claims raised in the proposed third amended complaint are untimely, and any amendment would be futile.

A.     Limitation Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996. The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant

---

[1] The third amended petition appears to have been split between Doc. 24 and Doc. 26. The first claim is included in Doc. 24, and the remaining claims are contained in Doc. 26, beginning at page 7.

1 petition was filed on December 23, 2019, and thus, it is subject to the provisions of the AEDPA.

2 The AEDPA imposes a one-year period of limitation on petitioners seeking to file a
3 federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitation
4 period begins running on the date that the petitioner's direct review became final. In this case, the
5 California Supreme Court denied his petition for review on February 20, 2019. Therefore, direct
6 review concluded on May 21, 2019, when the ninety-day period for seeking review in the United
7 States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983). The statute of
8 limitations commenced on the following day, May 22, 2019. Absent applicable tolling, the last
9 day to file a federal habeas petition was May 21, 2020. The new sentencing claim and ineffective
10 assistance of counsel claims that Petitioner seeks to raise in the third amended petition are
11 therefore time barred and allowing amendment or stay of the proceedings would be futile.

12 B.     Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

13 Under the AEDPA, the statute of limitations is tolled during the time that a properly filed
14 application for state post-conviction or other collateral review is pending in state court. 28 U.S.C.
15 § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules
16 governing filings, including the form of the application and time limitations. Artuz v. Bennett,
17 531 U.S. 4, 8 (2000). An application is pending during the time that "a California petitioner
18 completes a full round of [state] collateral review," so long as there is no unreasonable delay in
19 the intervals between a lower court decision and the filing of a petition in a higher court.
20 Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as*
21 *recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis,
22 546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v.
23 Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

24 Petitioner did not file any state collateral actions. Therefore, Petitioner is not entitled to
25 statutory tolling, and the instant petition remains untimely.

26 C.     Equitable Tolling

27 The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to
28 equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010);

3

Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  Equitable tolling may be granted when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005) (internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 560 U.S. at 655; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002) (citation omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.

Petitioner makes no claim to entitlement of equitable tolling and the Court finds no basis for it.  Petitioner must demonstrate diligence throughout the limitations period (Lacava v. Kyler, 398 F.3d 271, 277 (3rd Cir. 2005)), but failed to do so.  He failed to demonstrate any extraordinary circumstance stood in his way of timely filing his amended federal petition, and he failed to show that he acted diligently.  He should not be granted equitable tolling.

II.     Motion for Stay and Abeyance

Petitioner asserts that his sentencing claim and ineffective assistance claims are based on newly discovered evidence because he discovered new "case law." (Doc. 26 at 9-10.) However, Petitioner does not elaborate further and does not present any new evidence in his third amended petition. Petitioner's motion to stay cites to People v. Cook, 60 Cal. 4th 922 (2015), as the basis of his new claims. (Doc. 25 at 2.) As Respondent contends, Petitioner's discovery of a 2015 California case does not constitute a "new" factual predicate. (Doc. 28 at 3.) As Respondent points out, the case predates Petitioner's conviction making it reasonably discoverable at the time of his conviction. (Id.) Respondent, citing to Fed. R. Civ. Proc., R. 15(c), asserts that if an amended petition is not filed within the limitation period, a claim in that amended petition may proceed only to the extent it is based on facts that were alleged in a petition that was filed within

the limitation period. (Id. at 4.) Accordingly, as Respondent correctly asserts, the sentencing and ineffective assistance of counsel claims in the third amended petition are based on different facts than the claims in the second amended petition. (Id.) Respondent alleges that Petitioner's new claims assert facts regarding Petitioner's sentencing proceeding and the amount of preparation counsel undertook prior to trial, and these facts are not contained in either Petitioner's current sufficiency of the evidence or admission of evidence claims. (Id.) Therefore, the new claims do not relate back to Petitioner's current claims.

Moreover, as previously discussed, the petition is untimely so amendment would be futile. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Thus, the Court does not find good cause to grant a stay of proceedings, see Rhines v. Weber, 544 U.S. 269 (2005), or to permit an amendment to the petition. Fed. R. Civ. P. 15(a); Bonin, 59 F.3d at 845.

**ORDER**

Accordingly, the Court **ORDERS** that the motions to amend (Docs. 23, 32) and motion to stay (Doc. 25) are **DENIED**.

IT IS SO ORDERED.

Dated:   **January 12, 2021**              /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE

5