UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO A. CONTRERAS,<br><br>           Petitioner,<br><br>    v.<br><br>J. W. SULLIVAN, Warden,<br><br>           Respondent. | No. 1:19-cv-01785-NONE-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING § 2254 PETITION<br><br>(Doc. Nos. 10, 18) |

      Petitioner Rodolfo A. Contreras is a state prisoner proceeding *in propria persona* on a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner is currently serving 15 years to life plus five years in state prison after a state court jury convicted him of second-degree murder, gross vehicular manslaughter while intoxicated, and driving under the influence and causing bodily injury.  *People v. Contreras*, No. F074151, 2018 WL 6567673, at *1 (Cal. Ct. App. Dec. 13, 2018).  Based on the operative second amended § 2254 petition, petitioner seeks federal habeas relief on grounds that the evidence presented at his trial was insufficient to convict him and the trial judge erred in admitting inadmissible evidence at trial.  (Doc. No. 10 at 2–3, 5, 7.)  The California Court of Appeal considered these claims in petitioner's state habeas proceedings but rejected them.  *Contreras*, 2018 WL 6567673, at *1.  The California Supreme Court also denied review of petitioner's claims.  (Doc. No. 10 at 2–3.)

/////

1

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the instant federal habeas petition was referred to a United States Magistrate Judge. The assigned magistrate judge reviewed the § 2254 petition and found that the state trial court's decision was *not* (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," *nor* was it (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." (Doc. No. 18 at 9–25); 28 U.S.C. § 2254(d)(1), (2). Accordingly, the magistrate judge recommended that the instant § 2254 petition be denied with prejudice. (Doc. No. 18 at 24–25.) Petitioner twice objected to the pending findings and recommendations, (Doc. Nos. 26, 29); respondent has responded to the petitioner's objections, (Doc. No. 27).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. The court finds the pending findings and recommendations to be supported by the record and proper analysis, and that petitioner's objections fail to persuade the undersigned otherwise. In his objections, petitioner re-asserts arguments that have already been addressed by the magistrate judge in the pending findings and recommendations (*see* Doc. No. 18), as well as by the California Court of Appeal, *see Contreras*, 2018 WL 6567673. Petitioner also asserts new claims in the objections that are not raised in the operative second amended petition; those new claims have been considered by the magistrate judge by way of petitioner's motion for leave to file a third amended petition, which was denied as untimely and because the granting of further leave to amend would be futile,[1] (*see* Doc. No. 34 at 1–4). The denial for further leave to amend was proper. For these reasons, the undersigned will adopt the findings and recommendations.

The court is also *not* persuaded that petitioner is entitled to a certificate of appealability under 28 U.S.C.A. § 2253. "Section 2253(c)(1)(A) provides that unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from 'the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State

---

[1] "A district court may deny leave to amend when amendment would be futile." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) (citation omitted).

court.'" *Harbison v. Bell*, 556 U.S. 180, 183 (2009).  To be entitled to a certificate of appealability, a petitioner must make a substantial showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880 (1983)).  Neither of the requirements exists here.  The court therefore declines to issue a certificate of appealability.

In light of the foregoing, the court ORDERS as follows:

1. The findings and recommendations (Doc. No. 18), filed July 28, 2020, are ADOPTED in full;
2. The second amended petition for writ of habeas corpus (Doc. No. 10) is DENIED without further leave to amend being granted;
3. The court DECLINES to issue a certificate of appealability; and
4. The Clerk of Court is DIRECTED to assign a district judge to this case for the purpose of closing the case, then to enter judgment and to close the case.

IT IS SO ORDERED.

Dated:   **March 1, 2021**

UNITED STATES DISTRICT JUDGE